Benjamin Gassman, J.
The information charges the defendants with the unlawful practice of medicine. The prosecution is based on subdivision 4 of section 6501 of the Education Law which provides as follows: “ A person practices medicine within the meaning of this article, except as hereinafter stated, who holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition.”
The statute is in the disjunctive. In other words, the prosecution is not required to prove that all of the acts set forth in section 6501 have been committed by the defendants. The commission of any one of those acts is sufficient.
*958 In this case, the People have established that the complainant visited the defendants at their office, at which there was a sign advertising the defendants as chiropractors; that the defendant Herbert S. Feldman, in examining or treating the complainant, used a stethoscope and a sphygmomanometer and also used a flashlight in examining the complainant’s eyes. In addition to treating the complainant, the said defendant also undertook to sell to complainant a number of pills and liquids, for which complainant paid him extra. In one instance, complainant was advised to discontinue using an ointment, which he previously obtained from a hospital on prescription.
While we ruled out of evidence the items themselves because of lack of proof that they were in the same condition when offered in evidence as they were when complainant received them from the defendant, we did admit in evidence a carton with the label thereon and several bottles with the labels thereon. The contents of the carton or the bottles were not admitted in evidence for the reasons above assigned. However, those exhibits which were admitted indicate that the defendant Herbert S. Feldman did “ prescribe ” some articles for the complainant’s ailments. While the said defendant claims that such items are nothing more than vitamins which one can find and purchase in many stores without any prescription, it is, nevertheless, undisputed that the complainant did not seek to purchase the said items from the defendant, but that he was induced to buy them from him on the representation that they were good for whatever ailed complainant.
While there is no law prohibiting any one from administering medication for and to himself, the law does prohibit another, who is not qualified or licensed to do so, from prescribing such medication to someone else.
We accordingly find that the defendant Herbert S. Feldman did violate the provisions "of section 6501 of the Education Law and that his guilt was proven beyond a reasonable doubt.
With respect to the defendant Benedict S. Feldman, we find that while there is some evidence indicating his participation in the acts of the codefendant, such evidence is not conclusive and (that there is a reasonable doubt as to his guilt. He is, accordingly, acquitted.